E. TOTONELLY SONS, Inc.
v.
TOWN OF FAIRFIELD.
Civ. No. 3919.

United States District Court,
D. Connecticut.

Aug. 16, 1954.

Frederick L. Comley, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for plaintiff.

Curtis, Trevethan & Gerety, Bridgeport, Conn., for defendant.

ANDERSON, District Judge.

In this action the plaintiff contractor is suing to recover a balance of a contract price which it claims is due by the defendant town for certain sewer lines constructed by the plaintiff according to plans and specifications provided by the defendant. The plaintiff claims as full performance as possible according to the plans and specifications, but alleges defects in the engineering and in the plans and specifications, other breaches of the contract and certain acts of negligence by the defendant resulting in impossibility of full performance and in extra costs and expenses to the plaintiff, which it also seeks to recover. The plaintiff is also seeking damages for injury to its business and reputation. The defendant withheld the balance because it claims the contract was not fully and satisfactorily performed. It appears that the sewer

lines contracted to be constructed by the plaintiff were only one of three sets of sewer lines running more or less parallel to each other in the Town of Fairfield. The plaintiff was not concerned with the other two sets of lines which were contracted to be built by other contractors.

■ The first part of the plaintiff's request to produce concerns the engineers' drawings, plans and specifications for the sewage disposal plant erected in connection with the sewerage system of which the sewer lines which are the subject of this action are a part. On this point the plaintiff's supporting affidavit states "that the engineers' drawings, plans and specifications for the sewage disposal plant contain information relevant to the plaintiff's cause of action in that the design and specifications and capacity of said plant are relevant factors in determining the propriety of the conduct of Bowe, Albertson & Associates, Engineers, in respect to the choice of materials and the infiltration standards established in the plaintiff's contract." It is reasonable to suppose that the sewage disposal plant, connected with the very sewer lines which are the subject of the controversy in this action might well have a very important bearing on the construction, capacity and functioning of the lines in question. The defendant is, therefore, ordered to produce such drawings, plans and specifications within thirty (30) days of the date of this order to permit the plaintiff at the defendant's Town Hall or at the office of the defendant's counsel or at such other place as plaintiff's and defendant's counsel may agree upon, to inspect and copy or photograph them at the plaintiff's own expense.

■ The rest of the motion concerns production and permission to inspect and copy reports of tests by the defendant's engineers and to perform infiltration tests, not of the sewer lines contracted to be constructed by the plaintiff and which are the subject of the action, but of the two other sewer lines, one constructed by contractors A. Julian, Joseph Barrett & Sons and the other by contractors Clark and Fray. As noted above these lines are also in the Town of Fairfield and run parallel to the lines constructed by the plaintiff but they are in no way involved in this action. The plaintiff's supporting affidavit says as to its right to inspect and test "that the reports of tests performed by Bowe, Albertson & Associates, Engineers, upon the lines of A. Julian, Joseph Barrett & Sons, and Clark and Fray, are relevant and material to the plaintiff's cause of action in that they afford a basis of comparison between said lines and the lines installed by the plaintiff, and further that the plaintiff believes that said reports will substantiate the plaintiff's claims concerning the competence and the conduct of Bowe, Albertson & Associates, Engineers, in respect to the plaintiff's contract." The plaintiff's affidavit further says "that it is relevant to the plaintiff's cause of action that it be permitted to perform infiltration tests upon the lines installed by A. Julian, Joseph Barrett & Sons, and Clark and Fray, for the reason that said lines are laid in areas which are substantially similar to the area in which the plaintiff's lines were laid, and therefore the present condition of said lines as revealed by such tests may produce relevant evidence bearing upon the issue of the competence and conduct of Bowe, Albertson & Associates, Engineers, in respect to the plaintiff's contract." If "affording a basis of comparison" were a sufficient ground for exercising a right to inspect and test, then on a simple claim that such sewer lines were laid in substantially similar areas the plaintiff would have a right to inspect and test sewer lines anywhere within reach of the court's order where it conceived these conditions to exist. Similarly it would have the right to delve into works which these engineers had performed for others and which the plaintiff believed could be shown to be defective. Nor is the fact that the plaintiff is hopeful of procuring information which might tend to discredit the defendant's engineers sufficient to warrant invoking Rule 34(2), Fed.Rules Civ.Proc. 28 U.S.C.A. The use of sub-

poenas and of cross-examination at the time of trial should suffice for this purpose.

Although, for the purpose of Rule 34 (2) relating to matters within the scope of examination permitted by Rule 26(b), the inadmissibility as evidence in the trial, of the information sought will not prevent the granting of the motion, there is nothing here which appears reasonably calculated to lead to the discovery of admissible evidence. Nor has the plaintiff shown any good cause why the motion should be granted. The information which it hopes to get is not necessary for the preparation or presentation of its case. While standing alone it is not a sufficient reason to deny the motion, it is to be noted that the proposed tests would create public inconvenience through the opening of man-holes and testing of the sewers in the public highways.

The claim is not made nor is there any showing that the two sewer lines sought to be tested are so related-to or tied-in with the sewer line constructed by the plaintiff that the functioning of the latter, or the reason for its design or the method of its installation or any other matter connected with its construction and use cannot be fully shown without the necessity of producing evidence of the construction and functioning of the former.

On August 19, 1953, this court by order of Judge Hincks, then District Judge, granted so much of the plaintiff's motion as sought permission to inspect and copy engineering reports and surveys made by the defendant's engineers and to inspect, photograph and test the sewer lines installed by *the plaintiff* which are the same lines which are the subject matter of this action. The remainder of the plaintiff's motion which sought permission to inpect and copy engineering drawings and plans and reports of defendant's engineers' tests of the sewer lines installed by the contractors *other* than the plaintiff was denied without prejudice to the right of the plaintiff "to renew said motion on the furnishing of satisfactory proof of the propriety or necessity therefor." The present motion is a renewal of this former motion with the added request for permission to perform infiltration tests upon the two sewer lines which are not involved in this action. Satisfactory proof of the propriety or necessity for granting the motion has not been produced and the motion is denied.